**Fill in this information to identify the case:**

United States Bankruptcy Court  for the  Southern District
of Florida

Case number (if known) _____  Chapter _____

☐ Check if this is an
amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-Individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1:  Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. Chapter of the
   Bankruptcy Code

   *Check one:*

   ☑ Chapter 7
   ☐ Chapter 11

## Part 2:  Identify the Debtor

2. Debtor's name

   New Haven Contracting South, Inc.

3. Other names you know
   the debtor has used in
   the last 8 years

   Include any assumed
   names, trade names, or
   *doing business as* names.

   _____
   _____
   _____

4. Debtor's federal
   Employer Identification
   Number (EIN)

   ☐ Unknown

   **11-3779667**

5. Debtor's address

   Principal place of business

   c/o Nicholas J. Laudano, Director
   638 Shore Drive
   Boynton Beach FL 33435
   Palm Beach County

   Mailing address, if different

   _____  _____
   Number         Street

   _____
   P O  Box

   _____
   City              State    ZIP Code

   Location of principal assets, if different from
   principal place of business

   _____  _____
   Number         Street

   _____

   _____
   City              State    ZIP Code

Official Form 205                     Involuntary Petition Against a Non  Individual                     page 1

Debtor    New Haven Contracting South  Inc    Case number (if known)_____

6. Debtor's website (URL) _____

7. Type of debtor
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other type of debtor. Specify _____

8. Type of debtor's business

   *Check one*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C  § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the types of business listed.
   ☐ Unknown type of business.

9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?

   ☑ No
   ☐ Yes. Debtor _____    Relationship _____
      District _____ Date filed _____    Case number, if known_____
                                    MM / DD / YYYY

      Debtor _____    Relationship _____
      District _____ Date filed _____    Case number, if known_____
                                    MM / DD / YYYY

**Part 3:    Report About the Case**

10. Venue

    *Check one.*

    ☑ Over the last 180 days before the filing of this bankruptcy. the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district

    ☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district

11. Allegations

    Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b)

    The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a)

    *At least one box must be checked:*

    ☑ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

    ☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession

12. Has there been a transfer of any claim against the debtor by or to any petitioner?

    ☐ No
    ☑ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a)

Debtor   New Haven Contracting South, Inc    Case number _(if known)_____

13. Each petitioner's claim

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Equity Trust Co. as custodian FBO 200326695 IRA | Judgement | $ 36,140.07 |
| | | $ |
| | | $ |
| | Total of petitioners' claims | $ 36,140.07 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

## Part 4:   Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

Petitioners or Petitioners' Representative

Name and mailing address of petitioner

Name: Equity Trust Co. as Custodian
FBO 200326695 IRA
Number  Street: 1079 NE 96 St
City: Miami   State: FL   ZIP Code: 33138

Name and mailing address of petitioner's representative, if any

Name: _____
Number  Street: _____
City: _____   State: _____   ZIP Code: _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/15/19
MM / DD / YYYY

X _____
Signature of petitioner or representative, including representative's title

Attorneys

Printed name: Jonathan Feldman
Firm name, if any: Feldman Bayards Kerby & Albright
Number  Street: 200 S. Andrews Ave Ste 600
City: Fort Lauderdale   State: FL   ZIP Code: 33801

Contact phone: 954 566 7117   Email: jfeldman@pbyalaw.com

Bar number: 12682

State: FL

X _____
Signature of attorney

Date signed: 11/15/19
MM / DD / YYYY

Official Form 205      Involuntary Petition Against a Non-Individual      page 3

Debtor _____   Case number _____
            Name

Name and mailing address of petitioner

Name _____          Printed name _____

Number   Street _____          Firm name, if any _____

City _____ State ____ ZIP Code ____      Number   Street _____

Name and mailing address of petitioner's representative, if any   City _____ State ____ ZIP Code ____

Name _____          Contact phone _____  Email _____

Number   Street _____          Bar number _____

City _____ State ____ ZIP Code ____      State _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____                         ✗ _____
            MM / DD / YYYY                        Signature of attorney

✗ _____              Date signed _____
Signature of petitioner or representative, including representative's title      MM / DD / YYYY


Name and mailing address of petitioner

Name _____          Printed name _____

Number   Street _____          Firm name, if any _____

City _____ State ____ ZIP Code ____      Number   Street _____

Name and mailing address of petitioner's representative, if any   City _____ State ____ ZIP Code ____

Name _____          Contact phone _____  Email _____

Number   Street _____          Bar number _____

City _____ State ____ ZIP Code ____      State _____

I declare under penalty of perjury that the foregoing is true and correct

Executed on _____                         ✗ _____
            MM / DD / YYYY                        Signature of attorney

✗ _____              Date signed _____
Signature of petitioner or representative, including representative's title      MM / DD / YYYY

**FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 1003 DECLARATION**

1. On or about March 5, 2019, via my self-directed IRA account, I acquired, among other things, a judgment obtained by Richard's Woodwork, Inc. against 160 Royal Palm, LLC, New Haven Contracting South, Inc., Nicks Coral Springs, LLC and Nicholas Laudano.

2. No payment has been made to date on the above referenced judgment.

3. I did not acquire the judgment for the purpose of commencing this involuntary case.

Jonathan S. Feldman

## ASSIGNMENT OF CLAIMS AND RIGHTS AGREEMENT

ASSIGNMENT OF CLAIMS AND RIGHTS AGREEMENT ("Agreement") dated as of March 5, 2019 by and between Richard's Woodwork, Inc. ("Seller") and Equity Trust Company Custodian FBO 200326695 IRA ("Purchaser") (Seller and Purchaser are referred to herein collectively as the "Parties" and individually as a "Party").

### RECITALS

A.       160 Royal Palm, LLC ("Debtor") filed a voluntary petition on August 2, 2018 ("Petition Date") under chapter 11 of the Bankruptcy Code, Bankr. Case No. 18-19441 ("Proceeding").

B.       Prior to the Petition Date, Seller performed certain services for the Debtor ("Services").

C.       Seller commenced a lawsuit in the Circuit Court for Palm Beach County against Debtor and others to collect upon amounts owed with respect to the Services ("Litigation").

D.       Seller obtained a judgment against Debtor and others in the Litigation on July 20, 2015 in the principal amount of $36,140.07 ("Judgment").

E.       The Debtor owes Seller at least $41,341.59 in connection with the Services.

F.       Seller filed a proof of claim in the Proceeding, Claim No. 86, in the amount of $41,341.59 ("Claim").

G.       Purchaser desires to purchase from Seller, and Seller desires to sell to Purchaser, the Transferred Rights (as such term is defined below) on the terms and conditions set forth herein.

### AGREEMENT

In consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.       Seller's Claim.  Seller hereby represents and warrants to Purchaser as of the Effective Date (as defined below) that to the best of Seller's knowledge, the Claim is allowed or will be allowed as a secured claim in the amount of at least $41,341.59.

2.       Assignment of Seller's Claim.

(a)       In consideration of the mutual covenants and agreements in, and subject to the terms and conditions of, this Agreement:

(i)       Seller irrevocably sells, transfers, assigns, grants and conveys the Transferred Rights to Purchaser with effect on and after the Effective Date; and

(ii)     Purchaser irrevocably acquires the Transferred Rights with effect on and after the Effective Date.

(b)     As used in this Agreement, the following terms shall have the meanings set forth below:

"Transferred Rights" means all of Seller's right, title and interest in, to and under:

(i)     the Claim, including any and all right to receive principal, interest, fees, damages, penalties and other amounts in respect of the Claim (in each case whether accruing prior to, on or after the date of this Agreement), and, to the extent relating to the Claim, accounts, accounts receivable and other rights and interest of Seller against Debtor or otherwise, including, without limitation, all of Seller's right, title and interest in, to and under (A) the Claim; (B) all rights to receive any cash, interest, penalties, fees, damages and/or other amounts received in respect of or in connection with the Claim; and (C) any document relating to Claim;

(ii)     all cash and other property which may be paid or distributed by the Debtor or on the Debtor's behalf in satisfaction of the Claim;

(iii)     The Judgment;

(iv)     Any claim, defense or right of any kind arising out of relating to the Claim or Judgment; and

(v)     Notwithstanding any other term of this Agreement, the sale and assignment of the Transferred Rights shall be deemed an absolute and unconditional assignment of the Transferred Rights for the purpose of collection and satisfaction, and not an assignment or transfer to or assumption by Purchaser of any obligation or liability of Seller under or in connection with the Transferred Rights.

3.     Purchase Price.

(a)     The consideration paid by Purchaser to Seller to acquire the Transferred Rights on the Effective Date is                    ("Purchase Price").  .

4.     Conditions Precedent.

(a)     Purchaser's obligations to pay the Purchase Price to Seller and to acquire the Transferred Rights on the Effective Date shall be subject to the conditions that:

(i)     Seller's representations and warranties in this Agreement shall to the best of Seller's knowledge be true and correct on the Effective Date; and

(ii)     Purchaser shall have received (A) this Agreement duly executed on behalf of Seller, and (B) the Notice of Transfer of Claim in the form attached hereto as Exhibit B, duly executed on behalf of Seller, to be filed by Purchaser with the Bankruptcy Court



2

under Bankruptcy Rule 3001(e) (the "Notice of Transfer") (the documents referenced in clauses (A) and (B), the "Assignment Documents").

(b)    Seller's obligation to sell, transfer, assign, grant, and convey the Transferred Rights to Purchaser on the Effective Date shall be subject to the conditions that:

(i)    Purchaser's representations and warranties in this Agreement shall be true and correct on the Effective Date;  and

(ii)    Seller shall have received (A) this Agreement duly executed on behalf of Purchaser and (B) payment and receipt of the Purchase Price from Purchaser on or before Friday, March 8, 2019, TIME BEING OF THE ESSENCE. This Agreement shall be terminated and null and void if Purchase Price is not received by Seller on or before March 8, 2019.

5.    Mutual Representations of Seller and Purchaser.  Each Party represents and warrants to the other Party, as of the Effective Date that:

(a)    They have full power and authority to execute and deliver this Agreement;

(b)    Each Party is aware that the Purchase Price may differ both in kind and amount from any distributions ultimately made in the Proceeding; and

(c)    Each Party has adequate information concerning the Transferred Rights to make an informed decision regarding the purchase and sale of the Transferred Rights, and such Party has independently and without reliance on the other Party, and based on such information as such Party has deemed appropriate, made its own analysis and decision to enter into this Agreement, except that such Party has relied on the other Party's express representations, warranties, covenants, agreements and indemnities in this Agreement.

6.    Additional Representations, Warranties and Covenants of Seller.  Seller represents and warrants to Purchaser and to Purchaser's successors and assigns as of the Effective Date that:

(a)    Seller has not received any payment from any third-party to reduce or satisfy the Transferrred Rights;

(b)    Seller has not previously sold, conveyed, transferred, assigned, participated, pledged or otherwise encumbered the Transferred Rights, in whole or in part, to any party;

(c)    To the best of Seller's knowledge, there are no offsets or defenses that have been asserted by or on behalf of the Debtor or any other party to reduce the amount of the Transferred Rights or to reduce the value of the Claim;

7.    Attorney-In-Fact; Settlement of Seller's Claim; Further Actions.

(a)    Seller authorizes Purchaser to have full authority to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such amounts which are, or may hereafter become, due and payable for or on account of the Transferred Rights herein assigned.

Seller agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Purchaser. In the event an objection to the Claim is received, Seller shall take such further action, as reasonably requested, as may be necessary or desirable to assist Purchaser to uphold and defend the Claim and effect this Agreement and cause any payments or distributions on account of the Transferred Rights to be made to Purchaser including, without limitation, the execution of appropriate transfer powers, corporate resolutions, consents and powers of attorney.

(b)     Seller shall not compromise or settle the Transferred Rights or change the Transferred Rights amount without the prior written consent of Purchaser.

(c)     Seller further agrees that if Seller receives after the Effective Date any distributions on account of the Transferred Rights, such distributions shall constitute property of Purchaser to which Purchaser has an absolute right. Seller shall hold such property in trust and will deliver to Purchaser any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Purchaser within five business days of receipt in the case of cash and thirty business days in the case of securities.

8.    Miscellaneous.

(a)     Further Assurances. Each of the Parties agrees to execute and deliver, or cause to be executed and delivered, all such instruments and documents (including, without limitation, any supporting documents evidencing the Transferred Rights), and to take all such action as the other Party may reasonably request, promptly upon the request of such other Party and at such requesting Party's expense, in order to effectuate the intent and purpose of, and to carry out the terms of, this Agreement and to cause Purchaser to become the legal and beneficial owner and holder of the Transferred Rights.

(b)     Governing Law; Jurisdiction; Service of Process. The laws of the State of Florida shall govern this Agreement.

(c)     Counterpart Execution. This Agreement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which, together, constitute one and the same instrument. Transmission by facsimile or electronic mail of an executed counterpart of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart.

(d)     Substitution. Seller consents to the substitution of Seller by Purchaser for all purposes in the Proceeding. Purchaser agrees at its sole cost and expense to file each Notice of Transfer with the Bankruptcy Court promptly after the Effective Date.

(e)     Notices and Payments. All payments by Purchaser to Seller shall be made by wire transfer of immediately available funds, in accordance with the wire instructions specified in Schedule 1.

(f)     Integration. The Assignment Documents, together with any schedules and exhibits thereto, constitute the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersede all prior agreements, understandings or

4



representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the Parties in connection with the subject matter hereof except as specifically and expressly set forth herein.

(g)   Amendments; Waivers. No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by the Parties and no waiver of any provision of this Agreement, nor consent to any departure by either Party from it, shall be effective unless it is in writing and signed by the affected Party, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Agreement as of the date first stated above.

PURCHASER

Equity Trust Company Custodian FBO 200326695 IRA

SELLER

Richard's Woodwork, Inc.

5

# EXHIBIT A

## PROOF OF CLAIM

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor name | **160 Royal Palm, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **18-19441-EPK** |

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | | |
| --- | --- | --- |
| **1. Who is the current creditor?** | **RICHARD'S WOODWORK, INC.** | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor **RFW CABINETRY AND MILLWORK** | |
| **2. Has this claim been acquired from someone else?** | ■ No<br>☐ Yes. From whom? | |
| **3. Where should notices and payments to the creditor be sent?**<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>**James E. Copeland, P.A.**<br>**P.O. Box 32877**<br>**West Palm Beach, FL 33420**<br>Name, Number, Street, City, State & Zip Code<br><br>Contact phone<br>Contact email | Where should payments to the creditor be sent? (if different)<br><br>**Richard's Woodwork, Inc.**<br>**1301 53rd Street**<br>**Suite 2**<br>**West Palm Beach, FL 33407**<br>Name, Number, Street, City, State & Zip Code<br><br>Contact phone<br>Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| **4. Does this claim amend one already filed?** | ■ No<br>☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____ | |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ■ No<br>☐ Yes. Who made the earlier filing? _____ | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

■ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ _____41,341.59_____  Does this amount include interest or other charges?

☐ No

■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Final Judgment (Copies Attached)**

**9. Is all or part of the claim secured?**

☐ No

■ Yes.  The claim is secured by a lien on property.

**Nature of property:**

■ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

■ Other. Describe:   **Judgment lien attaching to all real estate and other tangible assets owned by the Debtor.**

Basis for perfection:   **Recorded Judgment Lien**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $ _____16,447,759.46_____

Amount of claim that is secured:  $ _____41,341.59_____

Amount of claim that is unsecured:  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ _____

Annual Interest Rate (when case was filed)  ____4.75____ %

■ Fixed

☐ Variable

**10. Is this claim based on a lease?**

■ No

☐ Yes. Amount necessary to cure any default as of the date of the petition:  $ _____

**11. Is this claim subject to a right of setoff?**

■ No

☐ Yes. Identify the property: _____

---

Official Form 410                          **Proof of Claim**                          page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | |
|---|---|---|
| ■ No | | |
| ☐ Yes.  *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

*\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.*

---

| Part 3: | Sign Below |
|---|---|

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>■ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date   **October 29, 2018**<br>          MM/ DD / YYYY<br><br>*[signature]* ATTORNEY FOR CREDITOR RICHARDS WOODWORK, INC.<br>   Signature<br><br>Print the name of the person who is completing and signing this claim:<br><br>Name       **James E. Copeland, Esq.**<br><br>Title         **Attorney for Creditor**<br><br>Company   **James E. Copeland, P.A.**<br>           Identify the corporate servicer as the company if the authorized agent is a servicer.<br>           P.O. Box 32877<br>Address    **Palm Beach Gardens, FL 33420**<br>           Number, Street, City, State and Zip Code<br><br>Contact phone  **561-881-8989**   Email  **jamesecopeland@bellsouth.net** |

---

Official Form 410            **Proof of Claim**          page 3

### ITEMIZATION OF CLAIM

Judgment entered July 20, 2015:          $36,140.07

Pre-petition interest at 4.75%
(1106 days @ $4.703 per diem: $5201.52):   $5,201.52

**TOTAL:**                               **$41,341.59**

CFN 20150276349
OR BK 27694 PG 361
RECORDED 07/25/2015 08:15:06
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 0361-0366; (6Pgs)

CFN 20150281858
OR BK 27702 PG 1461
RECORDED 07/29/2015 13:02:22
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLE
Pgs 1461 - 1466; (6pgs)

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD'S WOODWORK, INC., a/k/a          CASE NO: 2015CA004303 AB
RFW CABINETRY AND MILLWORK,
a Florida Profit Corporation,

    Plaintiff,

v.

NEW HAVEN CONTRACTING SOUTH, INC.,
a Florida corporation, 160 ROYAL PALM, LLC, a
Florida limited liability company; NICKS CORAL
SPRINGS, LLC d/b/a Nick's New Haven Style Pizzeria
and Bar; and NICHOLAS LAUDANO, individually,

    Defendants.

_____/



## FINAL JUDGMENT ON DEFAULT FOR PLAINTIFF

    THIS CAUSE having come on to be heard before the Court, on July 16, 2015, on

Plaintiff's Motion for Entry of Final Judgment Upon Default and Costs ("Motion") against

Defendants, New Haven Contracting South, Inc. and 160 Royal Palm, LLC, and nobody appearing

on behalf of either Defendant and the Court being fully advised in the premises, it is hereby:

    ORDERED AND ADJUDGED the Plaintiff, RICHARD'S WOODWORD, INC. a/k/a

RFW CABINETRY AND MILLWORK ("RFW"), whose address is 1301 53rd Street Suite #2

CFN 20150276349
BOOK 27694 PAGE 362
2 OF 6

Mangonia Park 33407, does recover from Defendants, NEW HAVEN CONTRACTING SOUTH,

INC. ("New Haven"), whose address is 638 Shore Drive, Boynton Beach, Suite 110, FL 33435, and

160 ROYAL PALM LLC ("LLC"), whose address is 160 Royal Palm Way, Palm Beach, FL 33480,

joint and severally, the sum of **$36,140.07**, representing the total amount owed to Plaintiff for its

services, including pre-judgment interest on that amount at the Florida statutory rate of 4.75% from

the date the payment was due to the date of the Court's Order, and costs, which sum shall bear

interest at the rate of 4.75% until paid, for which let execution issue.  A hearing was held on

Plaintiff's Motion on July 16, 2015 and no one appeared on behalf of either New Haven, or LLC, at

the hearing to object, or otherwise contest, Plaintiff's Motion.

    **IT IS FURTHER ORDERED AND ADJUDGED** that the defendants shall complete Form

1.977 (Fact Information Sheet – Corporation, attached hereto), and return it to the Plaintiff's

attorney, or to the Plaintiff if the Plaintiff is not represented by an attorney, within 45 days from the

date of this Final Judgment, unless the Final Judgment is satisfied, or a motion for new trial, or

notice of appeal is filed.

    Jurisdiction of this case is retained to enter further orders that are proper to compel the

Defendants to complete Form 1.977 and return it to the Plaintiff's attorney, or the Plaintiff if the

Plaintiff is not represented by an attorney.

    **DONE AND ORDERED** at West Palm Beach, Palm Beach County, Florida, this

20ᵗʰ day of July, 2015.

Honorable Thomas Barkdull, III
Circuit Court Judge

CFN 20150276349
BOOK 27694 PAGE 363
3 OF 6

Copies furnished parties:

Jeffrey C. Pepin, Esq. (Attorney for Plaintiff), 3418 Poinsettia Avenue, West Palm Beach, FL 33407.

160 Royal Palm, LLC c/o Leslie R. Evans, Esq., Registered Agent, 214 Brazilian Avenue, Ste. #200, Palm Beach, FL 33480.

New Haven Contracting South, Inc. c/o Alan I. Armour, II, Esq., Registered Agent, 1645 Palm Beach Lakes Blvd., Ste. 1200, West Palm Beach, FL 33401.

CFN 20150276349
BOOK 27694 PAGE 364
4 OF 6

## FACT INFORMATION SHEET 1.977 – Corporation

Name of Entity:_____

Name and Title of person filling out this form:_____

Telephone Number:_____

Place of Business:_____

Mailing address (if different):_____

Address of Business Entity:_____

Type of Entity: (Check One) _____ Corporation ____ Partnership ___ Limited
Partnership _____ Sole Proprietorship _____ Limited  Liability Corporation (LL)
_____ Professional Association (PA) _____ Other: (Please Explain)

Does Business Entity own/have interest in any other business entity?  If so please
explain.

Gross/Taxable income reported for Federal Income Tax purposes last three years:
$_____/$_____     $_____/$_____     $_____/$_____

Taxpayer Identification Number: _____

Is this entity an S corporation for federal income tax purposes?_____Yes _____ No

List Partners (General or Limited and Designate Percentage of Ownership): _____
_____

Average No. of Employees/Month:_____

Name of each shareholder, member, or partner owning 5% or more of the entity's
common stock, preferred stock, or other equity interest:
_____
_____
_____
_____

Name officers, directors, members, or partners:_____
_____

Checking Account at:_____ Account No:_____

Savings Account at:_____ Account No:_____

Does the Business Entity own any vehicles:_____

Years/Makes/Models:_____Color:_____

Vehicle I.D. Nos.:_____

Tag Nos.:_____

Mileage:_____

Names on Title:_____

Present Value:$_____ Loan owed to:_____

Balance on Loan:$_____ Monthly Payment:$_____

Loans Outstanding:_____

Does the Business Entity own any real property: YES_____ NO _____

If Yes: Please state the Address(es):_____

Please check if the business entity owns the following:

_____ Boat                          _____ Camper
_____ Stocks/Bonds                  _____ Other Real Property
_____ Other Personal Property       _____ Intangible Property

Please attach copies of the following:

1    State and federal income tax returns for the past 3 years.

CFN 20150276349
BOOK 27694 PAGE 365
5 OF 6

2.    All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.

3.    All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.

4.    All deed, leases, mortgages, or other written instruments evidencing any interest or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was filed.

5.    Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed. Any transfer of property within the last year other than ordinary course of business transactions.

6.    Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles owned by the defendant alone or with others.

7.    Financial statements as to the entity's assets, liabilities and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

8.    Copies of articles, by-laws, partnership agreement, operating agreement, and any other governing documents, and minutes of all meetings of the entity's shareholders, board of directors, or members held within 2 years of the service date of this Fact Information Sheet.

9.    Resolutions of entity's members, partners, shareholders, or board of directors within 2 years of the service date of this Fact Information Sheet.

10.    A list or schedule of all inventory and equipment.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWER ARE TRUE AND COMPLETE.

_____
Judgment Debtor's Designated
Representative/Title

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledge before me on this _____ day of _____, 20____ by _____, as the defendant's duly authorized representative, who is personally known to me or has produced _____ _____ as identification and who did/did not take an oath.

CFN 20150276349
BOOK 27694 PAGE 366
6 OF 6

WITNESS my hand and official seal, or _____, 20____.

My commission expires _____

_____
_____ (Print)
Notary Public
(SEAL)

THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OR THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATIONSHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEN DELIVERED TO THE JUDGMENT CREDITOR'S ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.

FJ-Fact Info Sheet Busl Entity 1.977



I hereby certify that the foregoing is a true copy
of the record in my office this day, Jul 29, 2015.
Sharon R. Bock , Clerk Circuit Court, Palm Beach County, Florida
BY _____ Deputy Clerk

**EXHIBIT B**

**NOTICE OF TRANSFER**

## SCHEDULE 1

## WIRE INSTRUCTIONS

**Seller's Wire Instructions:**

SWIFT CODE:
ABA:
BANK NAME:
CITY:
A/C:
ENTITY NAME:

**SCHEDULE 2**

**NOTICE ADDRESSES**

**Seller's Notice Address:**

Richard's Woodwork, Inc.
1301 53rd Street
Suite #2
West Palm Beach, FL  33407

**Purchaser's Notice Address:**

jfeldman@pbyalaw.com

11